UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CLAUDIO ORELLANA,

                Plaintiff,              **ORDER**

    -against-                          23 Civ. 5315 (NSR) (AEK)

JOSE A. LOPEZ, JR., et al.,

                Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

    Plaintiff has filed a motion to reopen fact discovery for a limited purpose, has requested an extension of a filing deadline, and has hinted at a potential future request to allow for additional expert discovery. ECF No. 80.[1] For the reasons that follow, the motion is DENIED.

    In accordance with the Court's order at the October 28, 2024 discovery hearing, *see* ECF No. 79,[2] Defendants provided Plaintiff with a sworn declaration from Michael Luiso, the President of Defendant Byram Mason and Building Supply Corporation. *See* ECF No. 80-1 ("Luiso Declaration" or "Luiso Decl."). In the declaration, Luiso explains how the videos of the incident that is the subject of this lawsuit, and which were provided to Plaintiff in discovery, were produced. Luiso states that he "personally viewed both the original footage and the

---

[1] In addition to the letter motion at ECF No. 80, the Court also has reviewed the parties' responsive submissions at ECF Nos. 81, 82, and 84.

[2] The Court's directives from the conference were memorialized in an order issued on October 28, 2024. ECF No. 79. Among other things, the Court required Defendants to "inform Plaintiff whether the video of the incident still exists in, and can be extracted from, Defendants' security system," and if the video did not still exist in Defendants' security system, to "provide an affidavit to Plaintiff explaining how the video that has been produced in discovery was extracted, maintained, and produced." *Id.*

extracted video clips and confirmed that they are identical," and that "[t]he extracted video clips were not modified or altered in any way." Luiso Decl. ¶ 5. He further "certif[ies] that the video files that were exchanged in this case are the videos that were extracted from Byram's security camera system, and are true and accurate copies of the video footage that was captured by Byram's security camera system in the ordinary course of Byram's business." *Id.* ¶ 6. Nevertheless, Plaintiff's counsel inexplicably maintains that "almost no information was provided" in the declaration, and he therefore requests that fact discovery "be briefly re-opened for the limited purpose of permitting [Plaintiff] to depose" Luiso. ECF No. 80 at 1. Plaintiff's counsel also suggests that depending upon Luiso's deposition testimony, he might also "need time to retain an expert forensic video analyst . . . ." *Id.* at 2.

Simply put, there is neither a factual nor a legal basis to grant Plaintiff's requests. Despite the insinuation in Plaintiff's motion, there is no evidence whatsoever that the videos of the incident that have been produced were in any way altered. As Defendants have noted in both their opposition to the instant motion, in previous submissions to the Court, and in prior court appearances, Plaintiff was shown the videos at his deposition and confirmed that they accurately depicted the incident and what occurred before, during, and after it. ECF No. 81 at 2; *see also* ECF No. 77 at 2. Plaintiff has not disputed this assertion. Furthermore, as consistently noted by Defendants, Plaintiff had these videos for months before seeking any further discovery with respect to them.[3] ECF No. 81 at 2; *see also* ECF No. 77 at 1-2; ECF No. 72 at 2 (in his October

---

[3] As discussed at length during the October 25, 2024 conference, Plaintiff's counsel has previously raised objections as to the "authenticity" of the videos, *see also* ECF No. 82 at 1 (referring to Defendants' purported "failure to authenticate the subject video clips"), but objections as to authenticity are typically and more appropriately addressed at trial or in connection with summary judgment motions. At trial, it will be Defendants' burden, should they seek to introduce the videos, to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See* Fed. R. Evid. 901(a).

14, 2024 letter, Plaintiff notes that "defendants' Initial Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A), dated *September 18, 2023*, included two video clips. Thereafter, in a Supplemental Response, dated *May 9, 2024*, two longer video clips were provided to this office, via a Dropbox link." [emphases added]).

In his reply submission, Plaintiff's counsel maintains, in bold and underlined text, that "the original footage of the video clips exists." ECF No. 82 at 2. This is a misreading of the Luiso Declaration—Defendants' counsel subsequently explained that "[t]here are no 'other' or 'original' video files," *see* ECF No. 84 at 1, and indeed, Defendants were only required to provide the affidavit at all if they determined that the video of the incident did not still exist in Defendants' security system, *see* ECF No. 79. What Luiso has asserted is that he viewed the original security camera footage "[f]ollowing the alleged incident", Luiso Decl. ¶ 4, not that he viewed the original footage at or around the time he prepared his declaration.

Plaintiff's counsel continues to vaguely invoke the term "metadata" in his effort to explain why he believes there to be some issue with the videos that have been produced. But counsel still has not described what types of "metadata" would shed any additional light on the evidence that has been provided in discovery, or how a deposition of Luiso would allow him to learn anything more about the metadata associated with these videos anyway.

Finally, Plaintiff's counsel also contends that reopening fact discovery is appropriate because the Court "permit[ted] [D]efendants to provide a declaration (after fact discovery was over)" or, put differently, "grant[ed] [D]efendants the opportunity to submit the declaration now, after fact discovery has closed . . . ." ECF No. 82. This is a mischaracterization of the Court's instructions regarding the declaration. To be clear, Defendants' counsel did not *seek* an opportunity to submit a declaration after the completion of fact discovery—likely because he

3

recognized that he was not under an obligation to provide affirmative evidence in discovery regarding the preservation, maintenance, and production of the videos. It is therefore inaccurate to suggest that the Court permitted or granted a request from Defendants to expand the discovery record. Rather, the Court ordered Defendants to submit the declaration, if it turned out that there was no other "original" video that could be reviewed or examined at this point, in an effort to provide more clarity regarding the provenance of the videos and to enable Plaintiff to make a more informed decision about whether he wishes to continue to pursue this issue (if at all) by way of a motion for spoliation sanctions, a motion *in limine* in advance of trial, or some other mechanism. Plaintiff has more than enough information at this point in order to make such a decision.

\* \* \* \* \* \* \* \* \* \*

Where, as here, a party moves to reopen discovery, "[a] schedule may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(f). "A finding of 'good cause' depends in large part on 'the diligence of the moving party.'" *Exist, Inc. v. Tokio Marine America Ins. Co.*, No. 22-cv-1679 (AT) (BCM), 2023 WL 7117369, at *3 (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). "Accordingly, the party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence." *Id.* (cleaned up). Plaintiff has not shown why he was unable to raise these issues regarding the videos months earlier, long before both the close of fact discovery and the deadline to provide expert disclosures. Moreover, allowing further discovery into this issue at this late stage would be inconsistent with the fundamental dictate of Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."

For all of these reasons, the motion to reopen fact discovery to allow a deposition of Luiso based on the information provided in the declaration is DENIED.  The remaining requests in the letter motion at ECF No. 80 are also DENIED.  Plaintiff's counsel still must file a motion for spoliation sanctions regarding the subject videos, or inform the Court that he will not be filing such a motion, by December 5, 2024.  All other previously ordered deadlines in this case also remain in in place.

      The Clerk of Court is respectfully directed to mark the motion at ECF No. 80 as DENIED and to terminate the motion.

Dated: November 21, 2024
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge