UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CLAUDIO ORELLANA,

Plaintiff,

              -against-

JOSE A. LOPEZ, JR. and BYRAM MASON
AND BUILDING SUPPLY CORP.,

Defendants.
-------------------------------------------------------------------------X
NELSON S. ROMÁN, United States District Judge

OPINION & ORDER

23 Civ. 5315 (NSR)(JCM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/3/2026___

Before the Court are Plaintiff Claudio Orellana's ("Plaintiff") objections to Magistrate Judge Andrew E. Krause's Opinion and Order dated September 24, 2025 (the "Order"). In the Order, Judge Krause denied Plaintiff's request for spoliation sanctions against Defendants Byram Mason and Building Supply, Corp. and Jose A. Lopez, Jr. (collectively, "Defendants") and granted Defendants' cross-motion to strike Plaintiff's purported rebuttal expert. For the reasons stated herein, the Court OVERRULES Plaintiff's objections and AFFIRMS the Order in its entirety.

## BACKGROUND

### A. Procedural History

Plaintiff commenced this action on June 22, 2023, asserting negligence claims arising from a February 27, 2023 accident. (ECF No. 1.) On September 22, 2023, the Court referred this case to Magistrate Judge Andrew E. Krause ("MJ Krause") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a) for general pretrial purposes. (ECF No. 15.) During discovery, disputes arose concerning video evidence and related metadata. Plaintiff thereafter moved for spoliation sanctions pursuant to Federal Rule of Civil Procedure 37(e), and Defendants cross-moved to strike Plaintiff's purported rebuttal expert. (Pltf. Mot., ECF No. 86.) On September 24, 2025, MJ Krause issued an

1

Opinion and Order denying Plaintiff's motion for spoliation sanctions and granting Defendants' cross-motion. (MJ Opinion, ECF No. 104.) On October 9, 2025, Plaintiff filed objections to that Order, along with a memorandum of law in support. (Pltf. Objections & Mem. ECF Nos. 105–106.) Defendants did not file a reply to Plaintiff's objections.

### B. Factual Background

A detailed factual background and procedural history relevant to the underling motion are set forth in MJ Krause's Opinion & Order and the parties' submissions, familiarity with which is assumed.

On June 22, 2023, Plaintiff asserted negligence claims arising from a February 27, 2023 accident involving a truck operated by Defendant Jose A. Lopez, Jr. and owned by Defendant Byram Mason and Building Supply Corp. (MJ Opinion at 2.) During discovery, Defendants produced video footage of the incident from their security system, initially in September 2023 and in expanded form in May 2024. (*Id.*) Plaintiff did not initially raise any concerns regarding the videos. (*Id.*) Instead, the first discovery dispute presented to the Court in August 2024 concerned Defendants' alleged failure to produce materials relied upon by their expert; Plaintiff did not challenge the video evidence. (*Id.*)

Plaintiff first raised issues concerning the videos in September 2024, arguing that the footage had not been properly authenticated and questioning the absence of certain metadata. (MJ Opinion at 2-3.) Following a discovery conference, the Court directed Defendants to address whether the original footage remained available and, if not, to submit an affidavit explaining the extraction and production of the videos. (*Id.* at 3.) Defendants thereafter submitted a sworn declaration stating that the video clips were extracted from the original system, matched the original footage, and were not altered. (*Id.* at 4.) Plaintiff subsequently moved for spoliation sanctions and submitted an expert report in support, while Defendants cross-moved to strike that report as improper rebuttal. (*Id.* at 4-5.)

## STANDARD OF REVIEW

### A.  Standard of Review

Under Rule 72, a district judge reviews a "pretrial matter not dispositive of a party's claim or defense" under the "clearly erroneous or ... contrary to law" standard. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 285 F. Supp. 3d 648, 652 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 72(a)). Nevertheless, a pretrial matter that is "dispositive of a claim or defense" is reviewed *de novo*. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(A). A district judge is authorized to accept, reject, or modify, in whole or in part, the findings and recommendations of a magistrate judge. *Royal Park Invs.,* 285 F. Supp. 3d at 652; *see also* Fed. R. Civ. P. 72(b*); DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

The Court will review MJ Krause's decision regarding spoliation *de novo*, but notes that it reaches the same conclusion under either standard.

### B.  Spoliation

"'Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Gilani v. Teneo, Inc.*, No. 22-169, 2022 WL 17817895, at *2 (2d Cir. Dec. 20, 2022) (summary order) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). "The party seeking discovery sanctions on the basis of spoliation must show by a preponderance of the evidence: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* (quotation marks omitted). "As a threshold matter, . . . spoliation sanctions can be imposed only when the party seeking such sanctions demonstrates that relevant evidence has been 'lost.'" *Id.* (citing Fed. R. Civ. P. 37(e)); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 564, 569 (S.D.N.Y. 2013) ("Inasmuch as the spoliation doctrine is predicated on evidence actually

3

existing and being destroyed, we first examine what evidence [the plaintiff] asserts has been destroyed by [the defendant]." (cleaned up)), *aff'd*, 961 F. Supp. 2d 572 (S.D.N.Y. 2013). The imposition of spoliation sanctions therefore requires, in the first instance, a finding that the evidence in question was lost or destroyed.

In the case of electronically stored information ("ESI"), Rule 37(e) of the Federal Rules of Civil Procedure was amended in 2015 to provide that a court "may order measures no greater than necessary to cure" the prejudice to the requesting party if ESI "that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e)(1). The amended Rule 37(e) separately provides that certain sanctions—a presumption that "the lost information was unfavorable to the party"; an instruction to the jury that "it may or must presume the information was unfavorable to the party"; or a dismissal of the action or entry of default judgment— may be imposed, but "only upon a finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2); *see Hoffer v. Tellone*, 128 F.4th 433, 437-38 (2d Cir. 2025). The "[C]ourt has wide discretion in determining whether spoliation sanctions are appropriate." *Ungar v. City of New York*, No. 21-1384, 2022 WL 10219749, at *3 (2d Cir. Oct. 18, 2022) (Summary Order) (citing *Fujitsu Ltd. v. FedEx*, 247 F.3d 423, 436 (2d Cir. 2001)).

## **DISCUSSION**

Plaintiff raises two principal objections: (1) that Magistrate Judge Krause applied an incorrect standard under Rule 37(e) in denying spoliation sanctions, and (2) that she erred in striking Plaintiff's rebuttal expert. (*See generally* Pltf. Objections.) After conducting a *de novo* review of Magistrate

4

Judge Krause's Opinion and Order—including her legal analysis and factual findings—the Court adopts her application of the law, reasoning, and conclusions.[1]

### A. Spoilation Sanctions

Plaintiff contends that MJ Krause misapplied Rule 37(e) by relying on an incorrect framework and failing to adequately consider the alleged absence of metadata associated with the subject videos. (Pltf. Objections at 2–17.) He further argues that, under the proper standard, sanctions pursuant to Rule 37(e)(1) were warranted. (*Id.*)

This Court disagrees. MJ Krause correctly identified and applied the governing standard under Rule 37(e), which requires a showing that relevant electronically stored information ("ESI") was lost, that the responding party had a duty to preserve it, and that the loss resulted in prejudice. *See Gilani v. Teneo, Inc.*, 2022 WL 17817895, at *2 (2d Cir. Dec. 20, 2022); *Leidig v. Buzzfeed, Inc.,* 2017 WL 6512353, at *7 (S.D.N.Y. Dec. 19, 2017). As MJ Krause emphasized, spoliation sanctions are available only where the moving party demonstrates that relevant evidence was, in fact, *lost*. (MJ Opinion at 5–6.)

Plaintiff's argument fails at the threshold. The record reflects that Defendants preserved and produced video footage of the incident, including both initial and supplemental clips, and submitted a sworn declaration explaining how the footage was extracted and confirming that it was not altered. (MJ Opinion at 2, 8–11.) Plaintiff does not meaningfully dispute the existence or production of the videos themselves. Instead, his argument focuses on the absence of certain metadata and the format of production, which does not satisfy Rule 37(e)'s threshold requirement.

Rule 37(e) is implicated only where relevant ESI has been lost and cannot be restored or replaced. Fed. R. Civ. P. 37(e). Plaintiff identifies no such loss. He does not point to any specific data

---

[1] Were the Court to review the matter under the more deferential "clear error" standard, it would find no error in the Magistrate Judge's factual findings or discretionary rulings. The record demonstrates a reasoned application of the law to the evidence and a careful exercise of discretion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

that once existed but is now unavailable, nor does he offer evidence that any metadata was destroyed as opposed to never existing in the form he now demands. At bottom, Plaintiff's position rests on conjecture that additional metadata should have been produced, not on proof that relevant ESI was *actually* lost.

Courts in this Circuit have consistently rejected arguments like Plaintiff's. Dissatisfaction with the form of production, or speculation regarding missing metadata, does not establish spoliation absent evidence that relevant ESI was actually lost and cannot be restored. *See Khaldei v. Kaspiev,* 961 F. Supp. 2d 564, 570 (S.D.N.Y. 2013*)* ("because plaintiff's argument that there has been any actual loss of evidence relevant to the claims or defenses in this case amounts to pure speculation, it is insufficient to sustain a motion for spoliation sanctions"); *see also Gilani,* 2022 WL 17817895 at *2 ("The district court did not abuse its discretion by denying spoliation sanctions. [The plaintiff] failed to show that [the defendant] altered his performance evaluations."). Where, as here, the moving party challenges only the completeness or format of produced materials, rather than demonstrating the destruction of evidence, Rule 37(e) provides no basis for relief. Accordingly, Plaintiff's claim of spoliation rests on speculation, which is insufficient as a matter of law to warrant sanctions.

Plaintiff also fails to establish prejudice. He has not shown that any alleged metadata deficiency rendered the videos unusable or impaired his ability to litigate his claims. *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). That failure is independently dispositive, as Rule 37(e)(1) requires a showing of prejudice before any remedial measures may be imposed. Fed. R. Civ. P. 37(e). Absent such a showing, there is no basis for the Court to impose any curative or punitive measures.

MJ Krause also appropriately considered the timing of Plaintiff's objections. As reflected in the record, Plaintiff did not raise concerns regarding the videos or their metadata until well into discovery, despite having received the footage earlier. (MJ Opinion at 15.) This delay further undermines any claim of prejudice, as it suggests that the alleged deficiencies did not materially

impact Plaintiff's ability to litigate the case in real time. It was well within MJ Krause's broad discretion to conclude that this delay weighed against the imposition of sanctions. Such a determination is entitled to particular deference where, as here, the Magistrate Judge has been actively managing discovery throughout the case and is best positioned to assess the significance of the timing and scope of the dispute.

Accordingly, MJ Krause applied the correct legal standard and reasonably determined that Plaintiff failed to establish the loss of ESI, prejudice, or any basis for relief under Rule 37(e). Plaintiff's objections therefore amount to a disagreement with MJ Krause's factual findings and weighing of the evidence, which is insufficient to satisfy the "clearly erroneous" standard.

### B. Motion to Strike Rebuttal Expert

Plaintiff next objects to MJ Krause's decision to strike the report of Robert Knudsen, arguing that it constituted proper rebuttal expert testimony. (MJ Opinion at 17-23.)

The Court finds that Magistrate Judge Krause correctly applied the law under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which limits rebuttal expert testimony to evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party's expert." Fed. R. Civ. P.26(a)(2)(D)(ii). Courts in this Circuit enforce this limitation, holding that rebuttal reports may not introduce new theories, new methodologies, or entirely different subject matter that could have been presented in a party's case-in-chief. *See Brink's Glob. Servs. USA, Inc. v. Bonita Pearl Inc.*, No. 22-CV-6653 (PGG) (BCM), 2024 WL 4227760, at *6 (S.D.N.Y. Sept. 18, 2024); *Camarata v. Experian Info. Sols., Inc.*, 2018 WL 1738335, at *2 (S.D.N.Y. Mar. 5, 2018).

MJ Krause determined that the Knudsen report did not fall within the permissible scope of rebuttal because it addressed a different subject matter—digital forensics analysis of video evidence—rather than directly responding to the biomechanical opinions offered by Defendants' expert. (MJ Opinion at 16–18.) That determination was well within MJ Krause's broad discretion.

Rebuttal expert testimony is limited to addressing specific opinions advanced by an opposing expert and may not be used to introduce new theories or analyses that could have been presented in a party's case-in-chief. *See Suazo v. Ocean Network Express (N. Am.), Inc.*, 2023 WL 2330428, at *11 (S.D.N.Y. Mar. 2, 2023); *see also Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009) (excluding rebuttal report that merely reiterated earlier conclusions and relied on testing that should have been performed earlier.)  Here, the Knudsen report does not "contradict or rebut" Defendants' biomechanical expert within the meaning of Rule 26(a)(2)(D)(ii), but instead advances a different analytical framework—digital forensic analysis of video evidence—that is not responsive to Defendants' expert report. In doing so, Plaintiff seeks to introduce a new theory after the deadline for affirmative expert disclosures. Permitting such use of rebuttal would undermine the orderly sequence of expert disclosures under Rule 26 and prejudice Defendants, who would have no fair opportunity to respond.

The procedural posture further supports MJ Krause's ruling. The Knudsen report was submitted in connection with Plaintiff's spoliation motion after the close of fact discovery and outside the normal sequence of expert disclosures. (MJ Opinion at 18.) Allowing such a report would permit Plaintiff to circumvent established disclosure deadlines and expand the scope of expert discovery without good cause. (*Id.*) This Court declines to permit such end-runs around scheduling orders, particularly where, as here, the proffered opinions could have been disclosed earlier.

MJ Krause also acted within his discretion in considering the resulting prejudice to Defendants. Allowing a new expert theory at that stage would have required reopening discovery, delaying resolution of the case, and imposing additional costs on Defendants. Such case management determinations are entitled to substantial deference, especially where the Magistrate Judge has overseen discovery and is best positioned to evaluate the practical consequences of late disclosures.

Accordingly, the Court finds no basis to disturb the MJ Krause's ruling.

## **CONCLUSION**

For the reasons stated above, Plaintiff's objections are OVERRULED, and Magistrate Judge Krause's Opinion and Order is AFFIRMED in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 105.


Dated: April 3, 2026
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge